**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ELIJAH ALLEN, | No. 1:23-cv-01310-JLT-FRS (BAM) (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| RODRIGUEZ, | (ECF Nos. 1, 16) |
| Defendant. | **FOURTEEN (14) DAY DEADLINE** |

I.      **Background**

Plaintiff Eric Elijah Allen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 15, 2026, the Court screened the complaint and found that Plaintiff stated a cognizable claim against Defendant Rodriguez for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief.  (ECF No. 15.)  The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court.  (*Id.*)

On February 6, 2026, Plaintiff filed a notice indicating his willingness to proceed on the cognizable claim against Defendant Rodriguez for excessive force in violation of the Eighth Amendment.  (ECF No. 16.)

///

1

## II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A.    Allegations in Complaint

Plaintiff is currently housed at Calipatria State Prison in Calipatria, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran, California.  Plaintiff names C. Rodriguez, Corrections Officer at California Substance Abuse Treatment Facility as the sole defendant.

Plaintiff alleges that on July 16, 2023, from about 10:45 a.m. to 11:00 a.m., he was handcuffed and escorted from Facility C Building 8 to the Facility C patio and taken to medical and placed in a holding cell.  While his hands were cuffed behind his back and still inside the holding cell, Defendant C/O C. Rodriguez yanked Plaintiff by the forearm and slammed him on

2

the ground.  While Plaintiff was on the ground in a proned out position, not struggling, resisting, or putting up a fight, Defendant Rodriguez placed both knees in Plaintiff's lower back and used his forearm to pin Plaintiff's face to the floor for no reason.  Rodriguez instructed other officers to grab Plaintiff's legs and hold his ankles unnecessarily.  Plaintiff did nothing to provoke this response.  Plaintiff believes Defendant Rodriguez did this solely based on Plaintiff's ethnicity.

Plaintiff suffered multiple abrasions to his face, right shoulder, lower back, left ankle, and right hip, as well as mental, emotional, and psychological trauma.

Plaintiff seeks compensatory and punitive damages and requests that he be exempt from any retaliation by CDCR and CDCR officials.

**B.      Discussion**

1.      <u>Eighth Amendment – Excessive Force</u>

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 7.  Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)).  Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident.  *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

///

Based on the allegations in the complaint, Plaintiff states a cognizable claim for excessive use of force against Defendant Rodriguez.

2.      Fourteenth Amendment – Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702– 03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff alleges that Defendant Rodriguez intentionally slammed Plaintiff based solely on his ethnicity.  Based on this allegation alone, Plaintiff fails to state a cognizable claim against Defendant Rodriguez for violation of the Equal Protection Clause.  Plaintiff has provided no factual support for his belief that Defendant Rodriguez acted based on Plaintiff's ethnicity or otherwise discriminated against Plaintiff based on Plaintiff's membership in a protected class.

**III.     Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant Rodriguez for excessive force in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claims for relief.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed September 5, 2023, (ECF No. 1), against Defendant Rodriguez for excessive force in violation of the Eighth Amendment; and

2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 10, 2026**              /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE