UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERIC ELIJAH ALLEN,

Plaintiff,

v.

RODRIGUEZ,

Defendant.

Case No. 1:23-cv-01310-JLT-FJS (PC)

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

(ECF No. 35)

Plaintiff Eric Elijah Allen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendant Rodriguez ("Defendant") for excessive force in violation of the Eighth Amendment.

Currently before the court is Plaintiff's motion for appointment of counsel, filed September 25, 2026. (ECF No. 35.) Plaintiff states that he lacks the financial resources to retain counsel and due to his incarceration has limited access to legal materials, discovery tools, and means of investigating the facts underlying this action. Plaintiff attempted to secure counsel without success. Plaintiff contends that the underlying incident in this case is preserved via video and audio evidence that directly supports Plaintiff's claims. Plaintiff lacks the legal training to properly authenticate and introduce audio/visual media into evidence and manage complex discovery. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The court has considered Plaintiff's request but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations that, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases filed almost daily by prisoners who must also conduct discovery without the assistance of counsel.

Furthermore, at this stage in the proceedings, the court cannot determine whether Plaintiff is likely to succeed on the merits. Although the court screened the complaint and found that it stated cognizable claims, this does not necessarily mean Plaintiff's claims are likely to succeed on the merits. Finally, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 35), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **September 29, 2026**

UNITED STATES MAGISTRATE JUDGE